FILED

May 12, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:58 AM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: Lee Anna Jarrett**

**EMPLOYER: SRG Global**

**INSURANCE CARRIER/TPA: ESIS**

**DOCKET #: 2015-07-0002**
**STATE FILE #: 91920-2014**
**DATE OF INJURY: October 28, 2014**

## EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge on May 6, 2015, upon the Request for Expedited Hearing filed by Lee Anna Jarrett (Ms. Jarrett), the employee, on April 13, 2015, pursuant to Tennessee Code Annotated section 50-6-239 to determine if the Employer, SRG Global (SRG), is obligated to provide medical benefits.

The undersigned Workers' Compensation Judge conducted an in-person Expedited Hearing. Ms. Jesse Snider represented Ms. Jarrett. Mr. William Walk represented SRG. Considering the applicable law, testimony of the witnesses, documentary evidence, argument of counsel and the technical record, this Court finds that Ms. Jarrett is entitled to the requested benefits.

## ANALYSIS

### Issue

*Whether Ms. Jarrett is entitled to the requested medical benefits, specifically further evaluation, and/or treatment by the authorized physician.*

### Evidence Submitted

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD)
- Dispute Certification Notice (DCN)
- Request for Expedited Hearing (REH).

The Court did not consider attachments to the above filings not admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings and

1

their attachments as allegations unless established by the evidence.

The Court admitted the following documents into evidence:

Exhibit 1: Medical Records of Dr. James E. Naifeh, Jr. (4 pgs.)
Exhibit 2: Letter from Ms. Jarrett to SRG dated November 6, 2014
Exhibit 3: Letter from ESIS to Ms. Jarrett dated December 16, 2014.

Ms. Jarrett testified on her own behalf and Mr. Wyatt Edwards testified on behalf of SRG.

## History of Claim

Ms. Jarrett worked for SRG as a shipping clerk. Her job responsibilities included labeling packages that sometimes were stacked higher than she could reach. She testified she often used a ladder in performance of her job. She testified she was "never in the office" but always worked in the shipping area. Chuck Hawkins was her direct supervisor.

On October 28, 2014, Ms. Jarrett climbed a ladder to place a label and fell striking the left side of her body. The parties contest when Ms. Jarrett reported the injury. Ms. Jarrett testified that she attempted to report the injury to her supervisor, Mr. Hawkins, on October 28 but he was not available. So, Ms. Jarrett "worked out her shift" and went home. The next day, Ms. Jarrett reported to Mr. Hawkins at approximately noon. She stated she had fallen the previous day and she "was going to tell you about it, but you were gone." Mr. Hawkins "kinda laughed about it," and Ms. Jarrett admits she did not know, at that time, if she was injured in the fall. The parties did not complete a written report of injury.

On October 30, the plant manager directed Ms. Jarrett to report on October 31 to Mr. Edwards, the Human Resources Manager. When Ms. Jarrett reported the next day, Mr. Edwards terminated her employment.

At some point shortly after her termination, Ms. Jarrett called the "Ethics Line," a telephone number maintained by SRG for employee complaints regarding employment issues or discrimination complaints. She mentioned on the "Ethics Line" that she had fallen and voiced complaints regarding treatment by SRG that she perceived as discriminatory. Ms. Jarrett contacted an attorney and the Tennessee Division of Workers' Compensation, described by her as the "Workman Commissioner." Based upon "advice," she wrote a letter to SRG on November 6, 2014, in which she described her injury. Specifically, she stated in her letter:

> On October 28, 2014, I fell from the step ladder we have in Shipping. On October 29, 2014, I reported it to Chuck Hawkins Supervisor, at that time Chuck did not indicate to me to file a report. At the time I fell, I didn't feel injured, but after a few days I felt I needed medical attention.

Following the Ethics Line complaint, Mr. Killebrew, an SRG corporate representative,

2

contacted Ms. Jarrett. After her conversation with Mr. Killebrew, SRG provided Ms. Jarrett an incident report to complete and then provided a panel of physicians.

Ms. Jarrett chose Dr. Naifeh from the panel. She saw Dr. Naifeh on November 21, 2014. In her history to Dr. Naifeh, Ms. Jarrett reported that she "fell of [sic] step ladder [on] October 28, 2014. Fell on left side. Have been [sic] having pain in shoulder & back & left arm." Dr. Naifeh diagnosed low back, chest and arm pain. He recommended physical therapy.

SRG denied the claim and stated in a letter from the carrier that, "[t]here is no medical evidence that your present complaints are work related." After the denial, Ms. Jarrett has seen a physician through Tenn Care but desires further medical care under workers' compensation.

Mr. Wyatt Edwards, the Human Resources Manager, testified on behalf of SRG. He testified that Ms. Jarrett's job performance was consistently poor and that SRG completed multiple counseling reports regarding her performance. Ms. Jarrett voluntarily submitted to additional training in an attempt to improve her performance. The efforts failed and her poor performance ultimately resulted in her termination on October 31, 2014.

Prior to her termination, Mr. Edwards was not aware, either personally or through reports of others, that Ms. Jarrett alleged a work injury. His first notice of the alleged injury was the receipt of Ms. Jarrett's November 6, 2014 letter. Contrary to Ms. Jarrett's testimony, a supervisor was on duty when she fell. SRG trains its employees to report to the supervisor who is on duty at the time of the injury. At that point, a report is completed, a panel of physicians provided, and a representative of SRG generally attends the physician appointment. Mr. Edwards denied that Ms. Jarrett ever reported her injury prior to her termination based upon his investigation. She spoke with Mr. Hawkins before her termination but only regarding the fall itself, not that she was injured in the fall. SRG denied her claim because she reported her injury after her termination and never reported it while employed.

On cross examination, Mr. Edwards noted Mr. Killebrew visited SRG after Ms. Jarrett called the "Ethics Line." Mr. Killebrew advised Mr. Edwards to treat Ms. Jarrett's claim as any other and SRG provided a panel. Mr. Edwards was aware Ms. Jarrett chose Dr. Naifeh. Mr. Edwards confirmed that Ms. Jarrett spoke with her supervisor, Mr. Hawkins, within twenty-four (24) hours after falling from the ladder. However, he reiterated that she did not report to the supervisor on duty on the day of the fall.

## Ms. Jarrett's Contentions

Ms. Jarrett fell from a ladder on October 28, 2014, and hurt the left side of her body. She verbally reported her injury to her supervisor the next day. She called the Ethics Line to report her injury and wrote a letter to report her injury. After investigation, SRG provided a panel and Ms. Jarrett chose Dr. Naifeh. She saw Dr. Naifeh and described the injury in her history. SRG then denied her claim based upon inadequate medical proof despite her notice to SRG and her description of the injury to Dr. Naifeh. She requests further evaluation and/or treatment as Dr. Naifeh may recommend.

3

## SRG's Contentions

Ms. Jarrett was the subject of multiple disciplinary actions during her employment because of poor job performance. The actions resulted in various "verbal counselings" throughout the period between December 2013 and October 2014. These actions ultimately resulted in her termination from SRG.

Ms. Jarrett did not tell Mr. Hawkins on October 29, 2014, that she sustained an injury. Because she did not relate she was hurt when speaking to Mr. Hawkins, SRG was not required to complete an incident report or provide a panel. Ms. Jarrett called the Ethics Line to complain of her perceived ill treatment by SRG and she is angry about her termination. When looking at the questionable "credibility" of Ms. Jarrett, and "the surrounding facts," SRG contended Ms. Jarrett's injury "is questionable at best." Because she did not report any injury until after her termination, and is obviously "angry" with SRG, SRG does not believe that "this is a valid workers' compensation claim."

## Findings of Fact and Conclusions of Law

### Standard Applied

For injuries on or after July 1, 2014, the employee must show that an injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13) (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence "unless the statute provides for a different standard of proof." The statute provides a different standard of proof for an Expedited Hearing where a workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits given the evidence. Tenn. Code Ann. § 50-6-239(d)(1)(2014); *McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015); cf., *McCall v. Natl. Health Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003). In making such determinations, the workers' compensation law is not to be construed either remedially or liberally, but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor the employer. Tenn. Code Ann. § 50-6-116 (2014).

### Factual Findings

Ms. Jarrett reported an injury to SRG within thirty (30) days of its occurrence and SRG provided a panel of physicians. Ms. Jarrett chose Dr. Naifeh, who recommended further evaluation and treatment. SRG denied Ms. Jarrett's claim after only one visit to Dr. Naifeh. Ms. Jarrett has seen personal physicians since seeing Dr. Naifeh. She requests further medical evaluation and/or treatment from Dr. Naifeh under workers' compensation.

4

SRG presented no evidence to show that Ms. Jarrett is not entitled to further medical evaluation. SRG terminated Ms. Jarrett after she reported her injury but said termination was for poor job performance and not for reporting the injury. The Court finds that SRG terminated Ms. Jarrett for performance-related issues.

*Application of Law to Facts*

In this case, Ms. Jarrett is seeking further medical treatment and evaluation by Dr. Naifeh. To prove entitlement to medical benefits, the statute does not require Ms. Jarrett to present medical proof of an injury before an employer is required to provide medical benefits. Rather, the statute contemplates that an employer will provide medical care upon receipt of notice of the injury, and then, during the course of treatment and examination, the panel doctor will render an opinion on causation. See Tenn. Code Ann. § 50-6-102(13)(2014). Otherwise, an employee would be forced to seek medical care on her own to begin a claim. However, this premise is not without limitation. Simply reporting an injury in every situation may not compel the provision of benefits. Depending upon the particular circumstances presented, an employer's investigation may reveal facts that prompt a denial of the claim at the outset. When such is the case, an employer should not be denied the right to deny a claim, after adequate investigation, based upon facts that do not support the occurrence of an injury. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). The employee must then "come forward with sufficient evidence from which the trial court can determine that the employee likely will prove a compensable 'injury by accident' at a hearing on the merits in accordance with section 50-6-239(d)(1)." Id. at 7[1]. This is not such a case.

While SRG argues that Ms. Jarrett reported an injury only after her termination, and that her complaints of discrimination and general anger make the claim questionable, the evidence shows otherwise. Though the testimony of Ms. Jarrett and Mr. Edwards is contradictory as to whether Ms. Jarrett verbally reported an injury, the documentary evidence establishes that Ms. Jarrett reported an injury to SRG in a letter dated November 6, 2014, only ten (10) days after the incident at issue. Her letter specifically states that she fell from "the step ladder we have in Shipping." She felt, initially, that she did not need medical care but "after a few days," felt that she did. This is consistent with her testimony at the hearing. She further claims, in the letter, to have reported the injury to Mr. Hawkins, her supervisor.

Even if the verbal reporting did not occur, it is obvious SRG became aware of the alleged injury within thirty (30) days of October 28, 2014, through Ms. Jarrett's November 6, 2014 letter. Ms. Jarrett provided written notice and has proven notice by the fact that SRG provided her a panel of physicians. Tennessee Code Annotated section 50-6-201(a)(1) provides, in pertinent part:

---

1 The Court is mindful that *McCord* addresses an appeal of an interlocutory order of the Court of Workers' Compensation Claims and, as such, the issues in *McCord* have not yet stood for trial on the merits. However, regardless of the ultimate resolution of *McCord*, the directives of the Appeals Board as to the applicable standard of proof at an Expedited Hearing are binding authority on this Court.

> Every injured employee or the injured employee's representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, *written notice of the injury,* ... .No compensation shall be payable under this chapter, *unless the written notice is given the employer within thirty (30) days after the occurrence of the accident,* unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented. (Emphasis added.)

The Court finds that Ms. Jarrett provided written notice within thirty (30) days of the alleged injury as required by this statute.

Tennessee Code Annotated section 50-6-204(a)(1)(A) requires an employer to provide an employee medical treatment made "reasonably necessary" by an injury as defined under the Workers' Compensation Law. Further, the employer is to provide a panel of physicians to the employee from which she might choose a physician. Tenn. Code Ann. § 50-6-204(3)(A)(i)(2014). In this case, SRG complied with the statute and provided Ms. Jarrett a panel from which she chose Dr. Naifeh. Dr. Naifeh's notes reflect a history of Ms. Jarrett falling from a stepladder.

SRG has not shown a basis for denial of the claim on grounds of either inadequate medical proof or notice. At this Expedited Hearing stage, Ms. Jarrett has presented evidence sufficient for the Court to determine that she is likely to succeed on the merits at a full hearing. Accordingly, she is entitled to further evaluation and care from Dr. Naifeh pursuant to the Workers' Compensation Law.

**IT IS, THEREFORE, ORDERED** as follows:

1. SRG shall provide the requested medical benefits to Ms. Jarrett, pursuant to Tennessee Code Annotated section 50-6-204, by approving further evaluation and/or treatment by Dr. Naifeh or other physicians to whom he may refer Ms. Jarrett. Ms. Jarrett or the providers shall provide bills for said services to SRG or ESIS.

2. This matter is set for Initial Hearing on August 6, 2015, at 9:00 AM Central Time.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-

6

compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 12th day of May, 2015.**

**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with **Judge Allen Phillips, Court of Workers' Compensation Claims. You must dial in at 731-422-5263 or 855-543-5038 toll-free to participate in your scheduled conference.**

**Please Note:** <u>**You must call in on the scheduled date/time to participate.**</u> **Failure to call in may result in a determination of the issues without your further participation.** All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 12th day of May, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Ms. Jesse Snider, Esq. | | | | | X | jesselsnider@gmail.com |
| Mr. William Walk, Esq. | | | | | X | bwalk@skouteriswalk.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

8